NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

MICHAEL MORROW, *Appellant*.

No. 1 CA-CR 25-0455

FILED 08-03-2026

Appeal from the Superior Court in Maricopa County
No. CR2000-001456
The Honorable Monica Edelstein, Judge

**VACATED AND REMANDED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Evan J. Ridley
*Counsel for Appellee*

Michael Morrow, Phoenix
*Appellant*

---

**MEMORANDUM DECISION**

Judge Veronika Fabian delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Daniel J. Kiley joined.

---

**F A B I A N**, Judge:

¶1　　　　Michael Morrow appeals the denial of his "Motion for Reconsideration and Completion for Relief; Restoration of Firearm Rights." This Court vacates and remands for the superior court to provide written reasons for its denial of Morrow's request for firearm rights restoration.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2　　　　Morrow was convicted of eight, non-dangerous drug-related offenses in 2003. He was then sentenced to pay a $150,000 fine to the Arizona Drug Enforcement Fund and serve 9.25 years in prison. The sentencing court also found that Morrow had previously been convicted of kidnapping, which is a serious offense under A.R.S. § 13-706(F)(1)(j). Conviction for a serious offense triggers a ten-year bar to restoration of firearm rights after discharge under A.R.S. § 13-910(A).

¶3　　　　In May 2012, Morrow was discharged from the Arizona Department of Corrections after completing his sentence of imprisonment and related parole. In the fall of 2021, he filed an application requesting: 1) a restoration of his civil rights; 2) a restoration of his rights to own and possess a firearm; and 3) a set-aside of his 2003 convictions. The State did not respond to his application.

¶4　　　　In May 2022, in two separate orders, the superior court granted his requests to set aside his convictions and restore some of his civil rights, but not his firearm rights. Neither order explained the reason for the denial. At the time, the ten-year bar for restoration of firearm rights under A.R.S. § 13-910(A) had not yet passed. Notably, before the court partially granted Morrow's petitions, the clerk reported that Morrow owed nothing in fines, fees, restitution, or other financial obligations related to his convictions. This was a mistake because Morrow had not yet paid his $150,000 fine.

¶5　　　　In 2025, Morrow filed a "Motion for Reconsideration and Completion for Relief; Restoration of Firearm Rights" referencing the May

2022 court orders. In it, he stated that his motion for reconsideration was made "pursuant to Rule 24.4 of the Arizona Rules of Criminal Procedure." This time, the State objected based on Morrow's outstanding balance of $150,000. The court summarily denied Morrow's motion for "[n]o good cause appearing."

¶6            Morrow timely appealed. This Court has jurisdiction pursuant to Article VI, Section 9 of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(3).

## DISCUSSION

### I.      This Court Has Jurisdiction over Morrow's Appeal.

¶7            The State argues this Court lacks jurisdiction over Morrow's appeal because the time to appeal expired in 2022 after the superior court denied his request to restore his firearm rights. Therefore, because his 2025 motion for reconsideration did not extend the deadline to file an appeal, his appeal is untimely. Morrow argues his appeal is timely because it is directed at the superior court's denial of his 2025 motion, not the 2022 orders.

¶8            Although a motion for reconsideration does not extend the time for appeal, and is not itself appealable, *State v. Berry*, 133 Ariz. 264, 267 (App. 1982), "the nature of a motion will be determined by its substance and not by its title." *State ex rel. Corbin v. Tolleson*, 152 Ariz. 376, 380-81 (App. 1986). Morrow styled his 2025 filing as a "Motion for Reconsideration" brought "pursuant to Rule 24.4 of the Arizona Rules of Criminal Procedure." But that title and rule are a poor fit for the substance of what Morrow actually requested: firearm rights restoration pursuant to A.R.S. § 13-910.

¶9            Rule 24.4 does not govern motions to reconsider and instead allows a court to "correct clerical errors, omissions, and oversights in the record." Morrow claims the 2022 orders contained a clerical omission because the superior court intended to restore his firearm rights once the ten-year bar had passed. But Rule 24.4 does not apply when, as here, the record is devoid of evidence showing an inaccuracy between what was intended and what was recorded. *See Shinn v. Ariz. Bd. of Exec. Clemency*, 254 Ariz. 255, 261 ¶ 20 (2022).

¶10           What Morrow actually requested was a new ruling on his firearm rights based on changed circumstances. The substance of his motion confirms this. He devoted an entire section to arguing his statutory

eligibility under § 13-910. He presented evidence of rehabilitation and a clean record since his discharge. And his prayer for relief asked the court to "enter a present-dated order expressly restoring his right to possess and own firearms under A.R.S. § 13-910." A request for a present-dated order under the restoration statute is not a request to correct the record; it is effectively a new application for firearm rights restoration.

**¶11**　　　　This conclusion is consistent with *State v. Ballard*, 1 CA-CR 24-0287, at *2 ¶ 11 (Ariz. App. Mar. 20, 2025) (mem. decision), where this Court held a defendant's motion to reconsider was "essentially a new application" when the motion attempted to resolve the reasons for a prior denial of firearm rights restoration and the trial court treated the motion as a new application. The same basic reasoning applies here. Morrow was clearly seeking relief the court could not have granted in 2022 because the statutory preconditions had not yet been met. Treated as a new application under § 13-910, the superior court's denial of the motion is appealable and this Court has jurisdiction. *See State v. Gahary*, 252 Ariz. 21, 22 ¶ 5 (App. 2021) (Arizona courts treat an action for restoration of rights as a criminal proceeding implicitly appealable under A.R.S. § 13-4033(A)(3)).

## II.　The Superior Court Should Have Stated Its Reasons for Denying Morrow's Request for Firearm Rights Restoration.

**¶12**　　　　Morrow argues that the superior court was required to state its reasons for denying his application for firearm rights restoration under A.R.S. § 13-910. This Court agrees.

**¶13**　　　　A superior court's decision to restore firearm rights is reviewed for an abuse of discretion. *State v. Nixon*, 242 Ariz. 242, 244 ¶ 10 (App. 2017). "An error of law committed in reaching a discretionary conclusion may constitute an abuse of discretion." *State v. Hall*, 234 Ariz. 374, 375 ¶ 3 (App. 2014) (citation modified).

**¶14**　　　　A.R.S. § 13-906 governs the process for restoring civil rights. Subsection E provides: "If the court denies an application for the restoration of a person's civil rights, the court shall state its reasons for the denial in writing." Arizona's rule governing the disposition of applications for civil rights restoration similarly provides: "If the court denies an application, its order must state the reasons for the denial in writing, including any statutory requirements the applicant has not met." Ariz. R. Crim. P. 30.6(e). And, as the State acknowledges in its answer, firearm rights are civil rights under A.R.S. § 13-904(A)(5), thus triggering the requirements of § 13-906(E)

4

and Rule 30.6(e) when a court denies an application to restore firearm rights.

¶15 Because the superior court did not state its reasons for denying Morrow's request for firearm rights restoration, this Court vacates the order and remands this matter to the superior court to make express findings explaining why Morrow's request for firearm rights restoration was denied. This Court makes no judgment on the merits of Morrow's firearm rights application. The superior court may well have legally sufficient reasons for denying Morrow's application, but those reasons need to be spelled out in the order. *See* A.R.S. § 13-906(E); Ariz. R. Crim. P. 30.6(e). Further, as noted by the State, Morrow's outstanding fine cannot support a denial of firearm rights restoration because the fine is a penalty that "was set aside when his convictions were set aside" in 2022. *See State v. Payne*, 223 Ariz. 555, 565–66 ¶¶ 31-39 (App. 2009)*; State v. Marquez-Sosa*, 161 Ariz. 500, 503 (App. 1989).

### III. The State Did Not Waive Objections to Morrow's 2025 Application by Not Responding to the 2022 Applications.

¶16 Morrow claims the State waived factual objections to his 2025 motion when it did not respond to his 2022 applications. Because this Court has determined that the 2025 motion was in effect a new application for firearm rights restoration, the State's failure to object to the 2022 request does not waive its rights with respect to the 2025 request.

### IV. Morrow's Citation Errors.

¶17 As noted by the State, many of Morrow's legal citations contain substantial defects, including inaccurate case names, misstated holdings, and false statements of law. Thus, this Court finds Morrow's briefs violate Arizona Rule of Criminal Procedure 31.10(a)(7)'s requirement that appellate arguments include citations to legal authority.

¶18 Compliance with this Court's rules is not optional. The integrity of the appellate process depends on accurate and honest advocacy. In the future, failure to provide accurate legal authority may result in striking of the filing or the imposition of other sanctions. *See* Ariz. R. Crim. P. 31.10(*l*).

## CONCLUSION

**¶19** For the foregoing reasons, this Court vacates and remands for the superior court to provide express reasons for its denial of Morrow's request for firearm rights restoration.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**: JR